In re Patrick S. O'BRIEN, Debtor.

Patrick S. O'BRIEN, Plaintiff–Appellant,

v.

Hon. Kathleen B. NACHTIGAL, John H. Heald, Katherine J. O'Brien, Defendants–Appellees.

Bankruptcy No. 391–35908–S7.
Adv. Proc. Case No. 91–3547–S.
Civ. No. 93–179–FR.

United States District Court,
D. Oregon.

April 15, 1993.

Christopher Skagen, McKnight & Assoc., P.C., Portland, OR, for plaintiff-appellant.

Bradley O. Baker, Dunn, Carney, Allen, Higgins & Tongue, Portland, OR, for defendants-appellees.

## OPINION

FRYE, District Judge.

The matter before the court is the appeal of Patrick S. O'Brien from a decision of the United States Bankruptcy Court for the District of Oregon.

## BACKGROUND

On November 21, 1990, defendant-appellee Katherine J. O'Brien filed a petition for the dissolution of her marriage to plaintiff-appellant, Patrick S. O'Brien, in the Circuit Court of the State of Oregon for the County of Multnomah. Katherine O'Brien was represented in this dissolution of marriage proceeding by defendant-appellee John H. Heald. At the time the petition for the dissolution of marriage was filed, Patrick O'Brien owned a remainder interest, and his mother owned a life estate, in real property located in the City of Portland. In the dissolution of marriage proceeding, Patrick O'Brien argued to the court that there was no monetary value to his remainder interest in the real property.

On July 17, 1991, a decree and judgment of dissolution of marriage was entered. As part of the judgment, the court determined that the value of Patrick O'Brien's remainder interest in the property was $27,000.00. The court ordered Patrick O'Brien to execute mortgages in favor of Katherine O'Brien on the property in order to secure the judgment it had awarded in favor of Katherine O'Brien and against Patrick O'Brien.

Patrick O'Brien refused to execute the mortgages, and on August 6, 1991, Katherine O'Brien obtained an order of the court requiring Patrick O'Brien to show cause why he should not be held in contempt of court for failing to execute the mortgages as ordered by the court. On August 28, 1991, a hearing was held before the Honorable Kathleen B. Nachtigal, Circuit Court Judge for the County of Multnomah. Patrick O'Brien appeared *pro se.* Judge Nachtigal informed him that he faced a jail sentence or a fine in the contempt of court proceeding and continued the hearing to give him an opportunity to secure counsel or to execute the mortgages.

On September 10, 1991, Patrick O'Brien filed a petition in the United States Bankruptcy Court for the District of Oregon.

In the petition, Patrick O'Brien listed a remainder interest in the property, claimed a $15,000.00 homestead exemption as to the property, and listed the value of the property as "0.00."

On September 11, 1991, a hearing was held before Judge Nachtigal to allow Patrick O'Brien to show cause why he should not be held in contempt of court for failing to execute the mortgages. At the hearing, counsel for Patrick O'Brien informed Judge Nachtigal and Heald of the bankruptcy petition. Judge Nachtigal proceeded with the hearing and found Patrick O'Brien in contempt of court for failing to execute the mortgages.

In November of 1991, Patrick O'Brien filed an adversary proceeding in the bankruptcy court against Katherine O'Brien, Heald, and Judge Nachtigal. Patrick O'Brien sought an order of the bankruptcy court enjoining Judge Nachtigal from violating the automatic stay of the bankruptcy court and vacating the order of contempt entered by Judge Nachtigal at the show cause hearing on September 11, 1991. He also sought damages.

On May 14, 1992, the matter came before the Honorable Donal D. Sullivan, United States Bankruptcy Judge, on the cross-motions of the parties for summary judgment. Judge Sullivan ruled that the contempt proceeding which had been held before Judge Nachtigal was an effort on the part of Katherine O'Brien to collect on a property settlement reached prior to the filing of the bankruptcy petition and, as such, was a violation of the automatic stay of the bankruptcy court. Judge Sullivan found, however, that the violation was not willful and, in the alternative, that Patrick O'Brien had suffered no damages as a result of the hearing.

On May 21, 1992, Patrick O'Brien filed a supplemental complaint in the bankruptcy court seeking to avoid the property award to Katherine O'Brien in the divorce decree on the ground that the property award interfered with his homestead rights in the property in violation of 11 U.S.C. § 522(f). On September 1, 1992, after further briefing, this matter came before Judge Sulli-

van. Judge Sullivan ruled that the judgment lien of Katherine O'Brien did not impair the homestead rights of Patrick O'Brien in the property and was, therefore, not avoidable pursuant to 11 U.S.C. § 522.

## CONTENTIONS OF THE PARTIES

Patrick O'Brien contends that the bankruptcy court erred in finding that Judge Nachtigal did not willfully violate the automatic stay of the bankruptcy court. He seeks punitive damages and attorney fees for the violation. The defendants-appellees contend that there was no violation of the automatic stay. Alternatively, the defendants-appellees contend that if a violation of the automatic stay occurred, it was not willful.

Patrick O'Brien also contends that the lien of Katherine O'Brien impairs his homestead rights in the property and must, therefore, be avoided. The defendants-appellees contend that the lien of Katherine O'Brien does not impair the homestead rights of Patrick O'Brien.

## STANDARD OF REVIEW

■ This court acts as an appellate court over decisions of the bankruptcy court reviewing findings of fact under the clearly erroneous standard and reviewing conclusions of law *de novo*. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 622 (9th Cir.1991); *Daniels–Head & Assocs. v. William M. Mercer, Inc. (In re Daniels–Head & Assocs.)*, 819 F.2d 914, 918 (9th Cir.1987).

## ANALYSIS AND RULING

1. *Violation of Automatic Stay*

■ The first issue before the court is whether the hearing on the order to show cause held before Judge Nachtigal on September 11, 1991 was a violation of the automatic stay of the bankruptcy court.

■ The purpose of the hearing before Judge Nachtigal on September 11, 1992 was to allow Patrick O'Brien to show cause why he should not be held in contempt of court for failing to execute the mortgages previously ordered by Judge Nachtigal. At

the hearing, Judge Nachtigal found Patrick O'Brien "in contempt of the Court's order." *O'Brien v. O'Brien,* No. D9011–69502, Transcript of Proceedings, p. 5, ln. 4 (filed as Exhibit 2 to Excerpt of Record); *see also id.* at p. 7, lns. 15–20. Judge Nachtigal ordered Patrick O'Brien to pay $160.00 to the State of Oregon, and $375.00 to Katherine O'Brien for her attorney fees. In this circuit, contempt proceedings arising out of the disobedience of a state court order are not stayed when the state court order which was disobeyed was made prior to the filing of the petition in bankruptcy. *David v. Hooker, Ltd.,* 560 F.2d 412, 418 (9th Cir.1977). Judge Nachtigal was correct when she noted that Patrick O'Brien "can't get himself in contempt, get the case continued, then go over there and file bankruptcy to avoid contempt of this court. It doesn't work that way." *O'Brien v. O'Brien,* No. D9011–69502, Transcript of Proceedings, p. 11, lns. 2–5 (filed as Exhibit 2 to Excerpt of Record); *see also id.* at p. 7, lns. 15–20.[1]

### 2. *Lien Avoidance*

Patrick O'Brien contends that the judgment lien on the property held by Katherine O'Brien must be avoided because it impairs his $15,000.00 homestead exemption. Katherine O'Brien contends that her lien on the property is not avoidable under 11 U.S.C. § 522(f), which provides:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien; ...

The parties dispute the value of the property. Patrick O'Brien contends that because Katherine O'Brien never objected to the value he placed on the property, she has waived her right to contest the issue of valuation. Katherine O'Brien contends that the doctrine of collateral estoppel required the bankruptcy court to value the

property at $27,000.00, the amount determined by Judge Nachtigal.

The doctrine of collateral estoppel required the bankruptcy court to value the property at $27,000.00. *Cf. Grogan v. Garner,* 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). The bankruptcy court correctly accepted the value of the property as determined by the court in the dissolution proceeding.

This court concludes that the lien of Katherine O'Brien does not impair the homestead rights of Patrick O'Brien to the extent that the value of the property as determined by Judge Nachtigal exceeds the homestead exemption of Patrick O'Brien. *Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991); *Yerrington v. Yerrington (In re Yerrington),* 144 B.R. 96 (9th Cir. BAP 1992).

### CONCLUSION

The decision of the bankruptcy court is affirmed.

---

**1.** Having found that the September 11, 1991 hearing was not held in violation of the auto-

matic stay, the court does not reach the issue of damages.