**In re Richard A. WELLER, Debtor.**

**STATE OF WISCONSIN, Plaintiff,**

**v.**

**Richard A. WELLER, Defendant.**

**Bankruptcy No. 95–21935.**
**Adv. No. 95–2367.**

United States Bankruptcy Court,
E.D. Wisconsin.

Dec. 11, 1995.

Assistant Attorney General David J. Gilles, Madison, WI, for plaintiff.

Clifton G. Owens, Milwaukee, WI, for defendant.

## DECISION

DALE E. IHLENFELDT, Bankruptcy Judge.

Richard A. Weller filed this chapter 13 case on April 4, 1995 together with a plan in which he proposed to make payments to the

chapter 13 trustee of $200 a month for 36 months and to pay a 1% dividend to his unsecured creditors. The court is now asked to rule upon the validity and dischargeability of a $278,928.60 claim filed by the State of Wisconsin and the State's motion to dismiss Weller's chapter 13 case.[1] The facts applicable to these issues are not in dispute. The State's claim derives from a Milwaukee County Circuit Court judgment entered on June 7, 1994 in case No. 91–CV–14629. The court has this date filed written and detailed findings of fact and conclusions of law.

The court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and § 157(b)(2)(*l* ).

Since the mid–1970's, Weller has been renting out numerous residential properties in the inner or central part of the city of Milwaukee. On February 10, 1976, the State of Wisconsin charged him with engaging in unfair rental practices in violation of the Wisconsin statutes. Since that time, he has been engaged in repeated, if not continuous, litigation with the city of Milwaukee and the State of Wisconsin with respect to charges of this kind. The following is a brief history of this litigation.

\* \* \* \* \* \*

2/10/76 The State charged Weller with engaging in unfair practices in violation of the Wisconsin statutes.

10/11/77 Following administrative proceedings, a Wisconsin Dept. of Agriculture order is issued. Weller is prohibited from renting property for residential purposes without prior disclosure to prospective tenants of all existing code violations affecting the property, and from making promises to tenants to clean up or repair the property and then failing to perform as agreed.

9/7/78 Administrative order is affirmed by the Dane County Circuit Court.

3/26/80 Circuit court order is modified and affirmed by the Wis. Court of Appeals.

7/9/80 State filed suit in the Milwaukee County Circuit Court (No. 525519) charging that Weller had continued to engage in unfair rental business practices in violation of the Administrative order, and that his failure to maintain his properties constituted a public nuisance.

9/9/81 Following a 19 day trial, the circuit court found that violations had occurred, that Weller's properties contributed substantially to the deterioration of the Milwaukee neighborhoods in which they were situated, and that they substantially affected the public interest, health, safety and welfare of the occupants of the properties and the community. The court also found that Weller had continuously acted in bad faith, that he had failed to comply with the court's own restraining order in a number of instances, and that his maintenance practices were a public nuisance. The court appointed a receiver to abate the nuisance, and the receiver sold all of Weller's properties pursuant to court order.

11/22/82 Judgment of the circuit court is modified and affirmed by the Wis. Court of Appeals. The court said:

"After reviewing the record, we are fully cognizant that Weller's past conduct from 1974 through the close of this case demonstrates a complete disregard and an intentional avoidance of thousands of orders of the City's housing code authorities. It was this conduct which led to the issuance of special order No. 1214 [the Department of Agriculture order]. We also are cognizant of Weller's utter disregard of special order No. 1214 and the trial court's temporary injunction." *State v. Weller,* 109 Wis.2d 665, 673–74, 327 N.W.2d 172 (1982)).

10/21/91 State filed a motion for remedial contempt. The motion sought sanctions for Weller's failure to make repairs as well as additional injunctive relief regarding disclosure to be made to tenants.

---

1. By agreement of the parties, the State's objection to confirmation of Weller's proposed plan has been deferred.

10/21/91   State filed a new law suit against Weller (91–CV–14629) in the Milwaukee County Circuit Court involving properties in the central city on the south side of Milwaukee. The properties were the subject of numerous orders to correct municipal code violations.

2/11/92   Circuit court scheduled case 91–CV–14629 for trial on 1/25/93.

2/24/92   The State's 10/21/91 contempt motion in case 525519 is resolved by a stipulation of the parties and an order that provided further injunctive relief to prohibit unfair rental practices.

10/29/92   State filed motions in case No. 91–CV–14629 to compel discovery and for a default judgment.

11/13/92   Weller filed a petition in bankruptcy court under chapter 13 of the Bankruptcy Code and contended in the circuit court that this stayed the state court proceedings. The State did not agree that the stay applied, but did agree to a postponement of the state court proceedings.

12/14/92   State moved (in bankruptcy court) to dismiss the chapter 13 case.

3/10/93   Weller voluntarily dismissed his chapter 13 case. Thereafter, the State rescheduled its state court motions for hearing on 5/24/93.

5/24/93   State's motions to compel discovery and for a default judgment are resolved by agreement. Circuit court suit is set for trial on 4/11/94.

6/14/93   Weller filed an answer in the circuit court action that was filed on 10/21/91.

3/31/94   Final pretrial conference held in the circuit court action. Parties were ordered to submit proposed findings of fact and conclusions of law by 4/7/94, and Weller was given the opportunity to submit a trial brief in response to the State's brief.

4/7/94   State filed proposed findings of fact and conclusions of law setting forth a range of potential forfeitures of not less than $124,550 nor more than $12,486,000. Weller did not submit proposed findings or a trial brief.

4/11/94   State court trial is scheduled to begin. Weller filed another chapter 13 case in bankruptcy court.

4/11/94   Prior to trial, Weller's bankruptcy attorneys advised the court Weller had filed another chapter 13 petition (94–21701) and contended that the state court proceedings were stayed. The circuit court ruled that the trial was not stayed. Weller's attorney in the circuit court law suit then said that he had a conflict of interest (because he was listed as a creditor in Weller's chapter 13 schedules) and that he could not represent Weller in the trial. Weller in turn said he was not prepared for trial and asked for an adjournment. The court denied his request.

5/26/94   Circuit court filed written findings of fact and conclusions of law and ordered that judgment be entered in favor of the State and against Weller.

6/7/94   Judgment entered in favor of the State and against Weller in the sum of $228,630 as civil forfeitures for engaging in prohibited unfair rental practices contrary to the Wisconsin statutes, and for $50,298.60 as and for a penalty assessment pursuant to the Wisconsin statutes. The judgment was not appealed.

"   Motion of State (in bankruptcy court) to dismiss Weller's chapter 13 bankruptcy case pursuant to § 109(e) of the Bankruptcy Code, on ground that Weller was not eligible to be a debtor under chapter 13.

10/14/94   Hearing held on State's motion to dismiss Weller's chapter 13 case.

11/17/94   Bankruptcy court filed written findings of fact and conclusions of law ("nunc pro tunc 10/14/94") ruling in favor of the State's position and holding that Weller was not qualified to file under chapter 13. Before a dismissal order was entered, Weller converted the chapter 13 case to a case under chapter 7.

2/22/95   Chapter 7 discharge issued to Weller.

4/4/95   Weller filed a third chapter 13 bankruptcy case—the chapter 13 case now before the court.

7/25/95 The State filed a proof of claim (based on the 6/7/94 judgment of the circuit court) as an unsecured claimant in the amount of $278,928.60—$228,630 of civil forfeitures and $50,298.60 as a penalty assessment.

" The State moved to dismiss Weller's chapter 13 case pursuant to § 109(e) of the Bankruptcy Code on the ground that he was not qualified to proceed under chapter 13 and further that his petition was filed in bad faith.

7/31/95 Weller filed an objection to the State's claim, contending that the $50,-298.60 portion of the claim was discharged by Weller's 2/22/95 chapter 7 discharge.

9/19/95 The State filed adversary proceeding No. 95–2367 asking that its claim be declared nondischargeable pursuant to § 523(a)(7) of the Bankruptcy Code.

\* \* \* \* \* \*

In objecting to the State's claim, Weller contends that the state court judgment was entered in violation of the § 362 automatic stay and is therefore void or unenforceable, and that in any event the $50,298.60 penalty portion of the State's claim was discharged in his earlier chapter 7 case.

■ The circuit court had jurisdiction to determine whether trial of the action pending before it was subject to the stay of § 362 of the Bankruptcy Code, *NLRB v. Edw. Cooper Painting, Inc.* 804 F.2d 934 (6th Cir.1986); *In re Mahurkar Double Lumen Hemodialysis, etc.,* 140 B.R. 969 (N.D.Ill.1992), and the court determined that the stay did not apply. The doctrine of res judicata applies to that decision of the circuit court. Its decision, right or wrong, is binding on this court with respect to whether the trial was stayed by § 362.

Although the circuit court's entry of judgment indicates the court believed that the stay of § 362 did not prevent it from entering judgment, it is arguable that the court did not specifically rule on that issue and that the doctrine of res judicata does not apply.

■ In any event, the circuit court was not stayed by § 362 from proceeding with the trial up to and including the entry of a money judgment against Weller. The State's action against Weller constituted an action or proceeding by a governmental unit to enforce its police or regulatory power, and section 362(b)(4) excepts such actions from the stay of § 362(a). Under the § 362(b)(4) exception, proceedings to enforce forfeitures and penalties are free to proceed to judgment, including the entry of a money judgment. *In re Tauscher,* 7 B.R. 918 (Bankr. E.D.WI.1981); *NLRB v. Evans Plumbing Co.,* 639 F.2d 291 (5th Cir.1981); *NLRB v. P\*I\*E Nationwide, Inc.,* 923 F.2d 506 (7th Cir.1991); *Eddleman v. U.S. Dept. of Labor,* 923 F.2d 782 (10th Cir.1991). Although the entry of a money judgment by a governmental unit is not affected by the automatic stay, provided the proceedings are related to that government's police or regulatory powers, actual enforcement of the judgment must take place through the bankruptcy court. *NLRB v. Edw. Cooper Painting, Inc.* 804 F.2d 934, 943 (6th Cir.1986); *NLRB v. P\*I\*E Nationwide, Inc.,* 923 F.2d at 512 (7th Cir.1991); *NLRB v. Continental Hagen Corp.,* 932 F.2d 828, 834 (9th Cir.1991). The circuit court judgment was not entered in violation of the § 362 automatic stay, it was not appealed, it is a valid judgment, and under the doctrine of res judicata, it is binding on this court.

■ Section 523(a)(7) excepts from discharge a debt that is "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . ." Weller's debt to the State is based on the June 7, 1994 judgment in case 91–CV–14629. The $228,-630 portion of the judgment is for "forfeitures", the $50,298.60 portion is a "penalty", and the judgment is not "compensation for actual pecuniary loss". The plain language of § 523(a)(7) applies to Weller's obligation. The debt, including the $50,298.60 penalty portion, is accordingly nondischargeable, and it was not discharged by Weller's earlier chapter 7 discharge.

In contending that the penalty portion of the State's judgment was discharged, Wel-

ler's attorney may have had in mind the treatment accorded the penalty portion of state and federal tax claims that have been filed in chapter 7 cases. Those penalties have been treated as dischargeable in a chapter 7 case, presumably because they are part of a claim for "actual pecuniary loss". The penalty portion of the State's judgment in this case falls squarely within the language of § 523(a)(7), and it is nondischargeable.

On April 4, 1995, when this chapter 13 case was filed, section 109(e) of the Bankruptcy Code provided that only an individual with noncontingent, liquidated, unsecured debts of less than $250,000 could be a debtor under chapter 13. As the bankruptcy court found in case No. 94–21701, the State's claim is noncontingent, liquidated and unsecured. Since the State's $278,928.60 claim, together with the other unsecured debts listed in Weller's schedules, exceed the statutory $250,000 limitation, Weller does not meet the eligibility requirement imposed by § 109(e), and the chapter 13 case must be dismissed.[2]

Section 1307(c) states that chapter 13 petitions may be dismissed "for cause", and lack of good faith in filing is cause for dismissal. Good faith is determined by looking at the totality of circumstances—whether the filing is fundamentally fair to creditors and consistent with the spirit of the Bankruptcy Code. Relevant factors in making this determination are:

The nature of the debt, including whether the debt would be nondischargeable under chapter 7.

The timing of the petition.

How the debt arose.

The debtor's motive in filing the petition.

How the debtor's actions affected creditors.

The debtor's treatment of creditors both before and after the petition was filed.

The primary purpose is to determine whether the debtor abused the provisions, purpose, or spirit of the Code. *In re Love*, 957 F.2d

1350 (7th Cir.1992). The "totality of circumstances" test makes the debtor's prefiling conduct relevant to the issue of good faith. *In re Smith*, 848 F.2d 813 (7th Cir.1988).

Was the filing of this chapter 13 case a sincere effort at repayment, or was it filed for some other purpose? Weller's schedules list only three unsecured creditors:

1. City of Milwaukee—$5,000 priority claim for a "water and sewer bill" and a $20,000 general claim for a "penalty for violation of building codes"

2. State of Wisconsin—$219,000 "judgment for fines for violation of various state laws"

3. Wisconsin Electric—$143 claim for "electrical services."

Weller has proposed a three year plan and a 1% payout to these creditors. The State's judgment plus the city's penalty for violation of building codes represent 98% of the $244,143 total scheduled unsecured debts. The State's claim, and presumably the city's penalty claim, would be nondischargeable in a chapter 7 case.

Weller filed an earlier chapter 13 case on the day he was to go to trial in circuit court. He used the filing in an effort to prevent the circuit court from proceeding. In its May 26, 1994 findings of fact (p. 17), the circuit court said, "A primary purpose of the filing of the bankruptcy petition on the day this trial was to begin was to circumvent and evade the pretrial orders in this case."

Having in mind the long history of litigation set out above, the repeated attempts by the city of Milwaukee and the State of Wisconsin to enforce their laws with respect to building code violations and unfair acts and practices on the part of Weller, Weller's obvious contempt for building code requirements and administrative and court orders, the timing of the filing of chapter 13 cases by Weller in an effort to activate the automatic stay against state court proceedings in actions filed against him by the State, his proposed

---

**2.** A major reason for Weller's argument that the $50,298.60 penalty portion of the judgment was discharged was to bring Weller's total unsecured debt within the $250,000 cap of § 109(e). In fact, the $228,630 balance of the State's claim, plus the remaining unsecured debts listed in Weller's schedules (State—$228,630; city of Milwaukee—$25,000; Wisconsin Electric—$143) exceed that cap without regard to whether or not the $50,298.60 penalty was previously discharged.

1% plan for the State's nondischargeable claim, and the totality of the circumstances generally, it is crystal clear that Weller did not file this chapter 13 case as a good faith effort to pay his creditors. It is merely his most recent step taken in an effort to frustrate the State's attempts to enforce its laws applicable to his unfair rental practices. Weller is attempting to manipulate the statute and to avoid, at minimal cost, an otherwise nondischargeable debt. It constitutes an abuse of the provisions, purpose and spirit of the Code, and the case should be dismissed for lack of good faith.

An order will be entered in accordance with this decision and the court's findings of fact and conclusions of law.

### ORDER

1. THE MILWAUKEE COUNTY CIRCUIT COURT WAS NOT STAYED BY 11 U.S.C. § 362(a) FROM PROCEEDING WITH THE TRIAL AND ENTRY OF JUDGMENT IN CASE NO. 91–CV–14629.

2. DEBTOR'S OBJECTION TO THE STATE OF WISCONSIN CLAIM NO. 4 IN THE AMOUNT OF $278,928.60 IS DISMISSED, AND THE CLAIM IS ALLOWED AS FILED.

3. THE STATE OF WISCONSIN CLAIM IN THIS CASE, AND THE JUDGMENT ENTERED ON JUNE 7, 1994 IN MILWAUKEE COUNTY CIRCUIT COURT CASE NO. 91–CV–14629, ARE EXCEPTED FROM DISCHARGE.

4. THIS CHAPTER 13 CASE IS DISMISSED.

Richard A. Weller filed this chapter 13 case on April 4, 1995. The State of Wisconsin filed an unsecured claim (Claim No. 4) in the amount of $278,928.60, objected to confirmation of Weller's proposed plan, and moved to dismiss the chapter 13 case. The State's claim derives from a judgment entered on June 7, 1994 in the Milwaukee County Circuit Court.

Weller objected to the State's claim, and the State in turn has filed an adversary proceeding asking the court to rule that its claim is nondischargeable, and that it was not discharged in Weller's prior chapter 7 case.

The court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and § 157(b)(2)($l$).

The court has this date filed written Findings of Fact and Conclusions of Law together with a written decision. In accordance with the decision of the court,

IT IS ORDERED:

1. The Milwaukee County Circuit Court was not stayed by 11 U.S.C. § 362(a) from proceeding with the trial and entry of judgment in case No. 91–CV–14629.

2. Debtor's objection to the State of Wisconsin Claim No. 4 in the amount of $278,928.60 is dismissed, and the claim is allowed as filed.

3. The State of Wisconsin claim in this chapter 13 case, and the money judgment entered on June 7, 1994 in Milwaukee County Circuit Court Case No. 91–CV–14629, are excepted from discharge pursuant to 11 U.S.C. § 523(a)(7), and the debt which they reflect was not discharged by the entry of a discharge in Bankruptcy Case No. 94–21701.

4. This chapter 13 case is hereby dismissed.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Richard A. Weller filed this chapter 13 case on April 4, 1995 together with a plan in which he proposed to make payments to the chapter 13 trustee of $200 a month for 36 months and to pay a 1% dividend to his unsecured creditors. The State of Wisconsin filed an unsecured claim (Claim No. 4) in the amount of $278,928.60, objected to confirmation of Weller's proposed plan, and moved to dismiss the chapter 13 case. Its claim derives from a Milwaukee County Circuit Court judgment entered on June 7, 1994 in case No. 91–CV–14629.

Weller objected to the State's claim on the ground that the state court judgment was entered in violation of the § 362 automatic stay and is consequently void or unenforceable, and that in any event the State's claim was discharged in his earlier chapter 7 case

(No. 94–21701). The State then filed an adversary proceeding (No. 95–2367) asking the court to rule that its claim is nondischargeable, and that the claim was not discharged in Weller's prior chapter 7 case.

A hearing was held on November 8, 1995, at which the State appeared by Assistant Attorney General David J. Gilles and Weller appeared by Attorney Clifton G. Owens. At the hearing, the parties agreed that

    (1) Weller's objection to the State's claim,

    (2) the question of dischargeability, and

    (3) the State's motion to dismiss

did not require an evidentiary hearing—that the court could decide these issues on the basis of the circuit court's findings of fact and conclusions of law and this court's record of proceedings in the case at bar and in Weller's earlier bankruptcy case (No. 94–21701). The parties agreed further that a ruling on the State's objection to confirmation of Weller's proposed plan would be deferred pending a possible evidentiary hearing that would be held later. The findings of fact and conclusions of law of the Milwaukee County Circuit Court in case No. 91–CV–14629 are hereby incorporated by reference and made a part of the findings of this court.

The court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and § 157(b)(2)(*l* ). The following facts are not in dispute.

### State Court Case No. 525519

1. During the mid–1970's, Weller operated a rental business involving numerous residential properties that he owned that were located in Milwaukee's inner city. On February 10, 1976, the State charged Weller with engaging in unfair practices in violation of the Wisconsin statutes. Subsequent to administrative proceedings, the Department of Agriculture issued an order on October 11, 1977 enjoining Weller from engaging in certain unfair practices. The order prohibited Weller from renting property for residential purposes without prior disclosure to prospective tenants of all existing code violations affecting the property, and from making promises to tenants to clean up or repair the property and then failing to perform as agreed. The order was affirmed on appeal by the Dane County Circuit Court on September 7, 1978 and modified by the Wisconsin Court of Appeals on March 26, 1980. (Circ. Ct. Findings pp. 2–4) [1]; *State v. Weller,* 109 Wis.2d 665, 667–68, 327 N.W.2d 172 (1982)).

2. On July 9, 1980, the State filed a complaint in the Milwaukee County Circuit Court (Case No. 525519) charging that Weller had continued to engage in unfair rental business practices in violation of the Department of Agriculture order and the Wisconsin statutes, and that his failure to maintain his property constituted a public nuisance. Weller disputed the charges and a trial was held. (Circ. Ct. Findings p. 3; *State v. Weller,* 109 Wis.2d 665, 667, 327 N.W.2d 172).

3. On September 9, 1981, following a 19 day trial, the circuit court found that violations had occurred, that Weller's properties contributed substantially to the deterioration of the Milwaukee neighborhoods in which they were situated, and that they substantially affected the public interest, health, safety and welfare of the occupants of the properties and the community. The court also found that Weller had continuously acted in bad faith, that he had failed to comply with the court's own restraining order in a number of instances, and that his maintenance practices were a public nuisance. The court appointed a receiver to abate the nuisance, and the receiver subsequently sold all of Weller's rental properties in accordance with the court's orders. (Circ. Ct. Findings p. 3; *State v. Weller,* 109 Wis.2d 665, 669–70, 327 N.W.2d 172).

4. On November 22, 1982, the judgment of the circuit court was modified by the Wisconsin Court of Appeals, and as modified, was affirmed. The Court of Appeals said in its decision,

    "After reviewing the record, we are fully cognizant that Weller's past conduct from 1974 through the close of this case demonstrates a complete disregard and an inten-

---

1. "Circ.Ct. Findings" refers to the May 26, 1994 findings of fact and conclusions of law of the Milwaukee County Circuit Court in Case No. 91–CV–14629.

tional avoidance of thousands of orders of the City's housing code authorities. It was this conduct which led to the issuance of special order No. 1214 [the Department of Agriculture order]. We also are cognizant of Weller's utter disregard of special order No. 1214 and the trial court's temporary injunction." *State v. Weller*, 109 Wis.2d 665, 673–74, 327 N.W.2d 172).

On October 21, 1991, the State filed a motion for remedial contempt [and a new law suit against Weller—see ¶ 5]. On February 24, 1992, the contempt motion was resolved by a stipulated order that provided further injunctive relief to prohibit unfair rental practices. (Circ. Ct. Findings pp. 3, 13).

### State Court Case No. 91–CV–14629

5. On October 21, 1991, in addition to moving for contempt in its previous action, the State filed a new law suit against Weller. At this time, Weller's rental properties, located in the central city on the south side of Milwaukee and containing more than 60 residential rental units, were the subject of numerous orders to correct municipal housing code violations. (Circ. Ct. Findings p. 3).

6. On February 11, 1992, a scheduling order set the case for trial on January 25, 1993. On March 28, 1992, Deutch and Burns, the law firm that initially appeared on behalf of Weller, withdrew as counsel. On October 29, 1992, the State filed motions to compel discovery and for default judgment. On November 13, 1992, before the hearing on the State's motions for discovery and a default judgment, Weller, then represented by Attorney Gerald M. Schwartz, filed a petition (No. 92–2708) under chapter 13 of the Bankruptcy Code. (Circ. Ct. Findings pp. 13, 14; Bkcy. Case No. 92–2708).

7. Weller contended that the filing of the bankruptcy case automatically stayed the circuit court action. The State did not agree that the stay applied but did agree to postpone the circuit court hearing pending further proceedings in the bankruptcy court. Thereafter, the State moved in the bankruptcy court to dismiss the bankruptcy case. The debtor voluntarily dismissed his chapter 13 case on March 10, 1993. (Circ. Ct. Findings pp. 14; Bkcy. Case No. 92–2708).

8. The State's motions for discovery and for a default judgment were thereafter scheduled for hearing on May 24, 1993. The motions, however, were resolved by agreement at the May 24, 1993 hearing, and the case was set for trial on April 11, 1994. Weller filed an answer on June 14, 1993. (Circ. Ct. Findings p. 14)

9. A final pretrial hearing was held on March 31, 1994. Weller appeared in person and with his attorney, Gary M. May. The court ordered the parties to submit proposed findings of fact and conclusions of law by April 7, 1994, and Weller was extended the opportunity to submit a trial brief in response to the State's pretrial memorandum. The State submitted proposed findings of fact and conclusions of law on April 7, 1994, setting forth a range of potential forfeitures of not less than $124,550 or more than $12,486,000. Weller did not submit proposed findings or a brief. (Circ. Ct. Findings pp. 14, 15).

10. On the trial date, April 11, 1994, but before the case was called for trial, Attorneys Keith E. Broadnax and Clifton G. Owens, on behalf of Weller, informed the court that Weller had filed a chapter 13 bankruptcy petition earlier that day (No. 94–21701). A hearing was then held in chambers. Weller was present in person along with his circuit court attorney, May, and his bankruptcy court attorneys, Broadnax and Owens. Broadnax and Owens represented to the court that the trial was automatically stayed pursuant to 11 U.S.C. § 362. The State in turn submitted a memorandum to the effect that the circuit court action was within an exception for governmental enforcement actions under 11 U.S.C. 362(b)(4). The circuit court "determined that the trial was not stayed." (The record as presented to this court does not reveal whether the circuit court ruled on the specific issue of whether the entry of judgment was stayed by § 362.) (Circ. Ct. Findings p. 15).

11. However, when the court called the case for trial, Attorney May said he had been informed that he was listed as a creditor in Weller's chapter 13 bankruptcy schedules, and that, as a consequence, he had a conflict

of interest that precluded his representing Weller in the circuit court trial. Weller then stated he was not prepared for trial. After delineating in great detail its reasons for so ruling, the court refused to adjourn the trial. The court found specifically that "(A) primary purpose of the filing of the bankruptcy petition on the day this trial was to begin was to circumvent and evade the pretrial orders in this case." (Circ. Ct. Findings pp. 16, 17).

12. On May 26, 1994, the circuit court filed its written findings of fact and conclusions of law and ordered that judgment be entered in favor of the State and against Weller. On June 7, 1994, judgment was entered in favor of the State and against Weller in the sum of $228,630 as civil forfeitures for engaging in prohibited unfair rental practices contrary to the Wisconsin statutes, and for $50,298.60 as and for a penalty assessment pursuant to sec. 165.87(2) of the Wisconsin statutes. Weller did not appeal from the circuit court judgment. It is this judgment that is the basis for the claim that was filed by the State and objected to by Weller. (Circ. Ct. Findings pp. 1–23; Circ. Ct. Judgment).

### Bankruptcy Court Case No. 94–21701

13. As noted in Paragraph 10 above, Weller filed a chapter 13 petition on April 11, 1994. (No. 94–21701). The State on June 7, 1994 filed a motion to dismiss, and on September 6, 1994 filed an unsecured claim in the amount of $274,356 for forfeitures and penalties pursuant to the June 7, 1994 judgment in Case No. 91–CV–14629. Its motion to dismiss was predicated upon § 109(e) of the Bankruptcy Code, which, as then constituted, provided that only an individual with noncontingent, liquidated, unsecured debts of less than $100,000 could be a debtor under chapter 13.[2] (Bkcy.Ct. Findings p. 3).[3]

14. The bankruptcy court agreed with the position of the State and ruled that the State's $274,356 claim was noncontingent, liquidated and unsecured, that it exceeded the statutory $100,000 limitation, and that the

chapter 13 case must accordingly be dismissed. On November 14, 1994, however, before a dismissal order was entered, Weller converted the case to a case under chapter 7 of the Bankruptcy Code. Weller received a chapter 7 discharge on February 22, 1995. He contends that the State's claim was discharged in bankruptcy by this chapter 7 discharge. (Bkcy.Ct. Findings p. 3).

### Bankruptcy Court Case No. 95–21935

15. On April 4, 1995, Weller filed the chapter 13 case that is now before the court together with a three year plan that proposed a 1% payment to his unsecured creditors. His chapter 13 schedules list only three unsecured creditors, to-wit, (1) the city of Milwaukee—a $5,000 unsecured priority claim for a 1994 "water and sewer bill" and a $20,000 general unsecured claim for a 1991 "penalty for violation of building codes"; (2) the State of Wisconsin—a $219,000 "judgment for fines for violation of various state laws"; and (3) Wisconsin Electric—a $143 claim for 1991–94 "electrical services."

### Conclusions of Law

1. The circuit court had jurisdiction to determine whether trial of the action pending before it (No. 91–CV–14629) was subject to the stay of § 362 of the Bankruptcy Code.

2. The doctrine of res judicata applies to the decision of the circuit court that trial of its action was not stayed by § 362. Its decision is binding upon this court.

3. Although the circuit court's entry of judgment indicates the court believed that the stay of § 362 did not prevent it from entering judgment, it is arguable that the court did not specifically rule on that issue, so that the doctrine of res judicata does not apply.

In any event, the circuit court was not stayed by § 362 from proceeding with its trial up to and including the entry of a money judgment against Weller. The State's action

2. § 109(e) was amended, effective October 22, 1994. The amendment changed the $100,000 figure in § 109(e) to $250,000.

3. "Bkcy. Ct. Findings" refers to the November 17, 1994 (nunc pro tunc October 14, 1994) findings of fact and conclusions of law of the Bankruptcy Court in Case No. 94–21701.

against Weller constituted an action or proceeding by a governmental unit to enforce its police or regulatory power, and section 362(b)(4) excepts such actions from the stay of § 362(a). Under the § 362(b)(4) exception, proceedings to enforce forfeitures and penalties are free to proceed up to the entry of judgment. The doctrine of res judicata applies to the circuit court June 7, 1994 judgment, and it is binding on this court. Actual enforcement of the judgment must take place through the bankruptcy court.

5. Section 523(a)(7) excepts from discharge a debt that is "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss ..." Weller's debt to the State, based on the June 7, 1994 judgment in Case No. 91–CV–14629, is clearly in the nature of a "fine, penalty, or forfeiture", and it is not compensation for pecuniary loss. Accordingly, the debt is nondischargeable, and it was not discharged by Weller's chapter 7 discharge entered on February 22, 1995 in bankruptcy case No. 94–21701.

6. On April 4, 1995, when this chapter 13 case was filed, section 109(e) of the Bankruptcy Code provided that only an individual with noncontingent, liquidated, unsecured debts of less than $250,000 could be a debtor under chapter 13. As the bankruptcy court found in case No. 94–21701, the State's claim is noncontingent, liquidated and unsecured. Inasmuch as this $278,928.60 claim, together with the other unsecured debts listed in the schedules, exceed the statutory $250,000 limitation, Weller does not meet the eligibility requirement imposed by § 109(e), and the chapter 13 case must be dismissed.

7. Like the circuit court (see ¶ 11 above), this court concludes from the long history of litigation wherein the city of Milwaukee or State of Wisconsin have repeatedly attempted to enforce their laws with respect to building code violations and unfair acts and practices on the part of Weller, the timing of the filing of the other chapter 13 cases by Weller in apparent efforts to activate the automatic stay against various state court proceedings in actions filed against him by the State, the filing of this chapter 13 case on the same day

as his scheduled circuit court trial, Weller's proposed 1% plan for the State's nondischargeable claim, and the totality of the circumstances generally, that this chapter 13 case was filed as a mere litigating tactic and that the case should be dismissed for lack of good faith.

An order will be entered declaring the State's judgment in circuit court action No. 91–CV–14629 to be valid and enforceable and nondischargeable, allowing the claim of the State of Wisconsin as a valid claim, and dismissing this chapter 13 case for failure to meet the requirements of § 109(e) of the Bankruptcy Code and for lack of good faith.