In re Lawrence B. CUMMINGS, Debtor.

Bankruptcy No. 96–33413–BKC–SHF.

United States Bankruptcy Court, S.D. Florida.

Oct. 17, 1996.

Patricia Redmond, Stearns, Weaverm Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, Florida, for Debtor.

Jeffrey D. Fisher, West Palm Beach, Florida, for Susan Cummings.

### ORDER DENYING MOTION FOR CONTEMPT AND GRANTING MOTION FOR RELIEF FROM STAY

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE initially came on to be heard on August 28, 1996 upon the Emergency Motion to Enforce Automatic Stay and to Impose Sanctions for Violation of Stay against Jeffrey Fisher and Susan Cummings, filed by Lawrence B. Cummings ("Debtor"). The hearing upon the Debtor's Emergency Motion was continued until September 10, 1996, to enable the parties to present evidence and argument on certain issues delineated by the Court, as set forth below. Thereafter, the Debtor's ex-wife, Susan Cummings ("Ex–Wife"), filed her Motion for Relief from Stay and Motion to Abstain, which was heard on September 24, 1996. This Court, having carefully considered the referenced motions together with argument of counsel and the legal authority cited by the Debtor and the Ex–Wife, hereby **denies** the Debtor's Emergency Motion to Enforce Automatic Stay and to Impose Sanctions for Violation of Stay against Jeffrey Fisher and Susan Cummings, and hereby **grants** the Motion for Relief from Stay and Motion to Abstain filed by the Ex–Wife.

The Debtor filed his voluntary chapter 11 bankruptcy petition on August 20, 1996. The bankruptcy filing was motivated, at least to some extent, to circumvent the Final Judgment of Dissolution of Marriage ("Final Judgment") entered by the Honorable John L. Phillips, the state circuit court judge presiding in the case of *Cummings v. Cummings,* Case No. CD95–2684 FC, entered May 23, 1996, and the orders entered subsequent thereto relating to the enforcement of the Final Judgment. The Final Judgment directed the Debtor to effectuate an equitable distribution in favor of his wife in the amount of $6,324,148, said sum to be paid in three equal annual installments of $2,108,049, commencing July 15, 1996.

Following the entry of the Final Judgment, the Ex–Wife filed her Motion for Contempt, seeking to require the Debtor to pay the first installment upon the court-ordered equitable distribution, in the amount of approximately $2.1 million. This motion was scheduled for hearing before Judge Phillips on August 21, 1996. At the August 21st hearing, the Debtor, through his state court counsel and his bankruptcy counsel, argued that the imposition of the automatic stay under 11 U.S.C. § 362 prevented Judge Phillips from proceeding with the contempt hearing. However, Judge Phillips disagreed, and

proceeded with the state court hearing, which resulted in the entry of his August 23, 1996 Order of Contempt, finding the Debtor in contempt of court. Judge Phillips scheduled an August 30, 1996 commitment hearing for the Debtor with the proviso that the Debtor could purge himself of his contempt by paying $800,000 no later than August 29, 1996, and by paying the remaining balance of approximately $1.3 million by September 9, 1996. It appears that the Debtor's pending motion requesting this Court to enforce the automatic stay, and to impose sanctions against the Ex–Wife and her state court divorce attorney, Jeffrey Fisher, was filed as a direct result of the state court contempt motion directed at the Debtor.

At the initial hearing held before this Court on the Debtor's Emergency Motion to Enforce Automatic Stay and to Impose Sanctions, this Court delineated two issues, the determination of which would be dispositive of the pending matters:

(1) Whether the principle of collateral estoppel applies under the instant circumstances, such that the ruling issued by Judge Phillips upon the Ex–Wife's motion for contempt necessarily is determinative of the issues raised before this Court;

(2) Whether the exception to the application of the automatic stay under 11 U.S.C. § 362(b)(2)(B) applies to the instant proceedings, thereby permitting the Ex–Wife to proceed with her state court contempt action.[1]

This Court finds that the state court's ruling at the August 21st contempt hearing is determinative of the issues presented to this Court. Thus, this Court does not reach the issue of whether the Section 362(b)(2)(B) exception to the automatic stay applies.

█ It is well-settled that state courts have concurrent jurisdiction with bankruptcy courts to determine the applicability of the

automatic stay. *In re Montana,* 185 B.R. 650 (Bankr.S.D.Fla.1995); *In re Weller,* 189 B.R. 467 (Bankr.E.D.Wis.1995). In this case, the state court Motion for Contempt was filed prior to the Debtor's August 20th petition date. The motion apparently was duly noticed, as both the Debtor's state court counsel and bankruptcy counsel appeared before Circuit Court Judge Phillips. The question of whether Judge Phillips could proceed with the contempt hearing was raised at the outset of the August 21st hearing.[2] The applicability of the automatic stay to the state court contempt proceeding was argued both by state court counsel for the Debtor and the Ex–Wife, and by bankruptcy counsel for the Debtor, with extensive presentation and discussion of applicable bankruptcy case authority. During the course of argument, Judge Phillips reasoned that, if he determined the equitable distribution ordered by the Final Judgment to be in the nature of support, then the Motion for Contempt pending before him would not be stayed by the bankruptcy filing. Conversely, he stated that if the lump sum payment was deemed in the nature of a property distribution, the automatic stay would apply to preclude consideration of the state court contempt motion. Judge Phillips, having previously made reference to his extensive familiarity with the case and the "snowstorm of pleadings" contained in the 13 volumes of court files, determined that the lump sum equitable distribution ordered by the court in its Final Judgment to be in the nature of support, and that as such, the automatic stay did not apply and he would not be precluded from adjudicating the contempt motion pending before him.

█ This Court is duty bound to follow the established precedent of the 11th Circuit Court of Appeals. As determined by the case of *In re Halpern,* 810 F.2d 1061 (11th Cir.1987), three elements must be present in

---

1. Under 11 U.S.C. § 362(b)(2)(B), the filing of a bankruptcy petition does not operate as a stay of the collection of alimony, maintenance, or support from property that is not property of the estate. The Debtor asserts that, since there exists no property in which he has an interest which *is not* property of the estate, this exception to the automatic stay does not apply.

2. At Page 12 of the state court transcript, Jeffery D. Fisher, Esq., counsel for the ex-wife, states, "as to the bankruptcy court issue, which I think the court needs to hear right off the bat." (sic)

order for the doctrine of collateral estoppel to apply:

(1) The issue at stake must be identical to the one involved in the prior litigation;

(2) The issue must have been actually litigated in the prior litigation;  and

(3) The determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.

In the proceedings conducted by Judge Phillips, the issue of whether the automatic stay precluded him from proceeding with the state court contempt hearing was the threshold issue to be determined before he could proceed with the contempt motion against the Debtor.  Judge Phillips determined that the automatic stay did not prevent him from considering the motion.  Thus, this issue was actually litigated by the parties to the prior litigation, and quite clearly the determination of the issue, i.e. that the automatic stay did not preclude Judge Phillips from conducting the hearing on the Ex–Wife's contempt motion, was critical and necessary to the ultimate ruling issued by Judge Phillips.  With all three prongs of the *Halpern* criteria established for the application of collateral estoppel, this Court is precluded from re-litigating the issue.  As noted by the Court in the case of *In re O'Brien*, 153 B.R. 305 (D.Ore.1993), contempt proceedings arising out of a debtor's disobedience of a state court order are not stayed by the debtor's bankruptcy filing, when the state court order disobeyed was made prior to the filing of the bankruptcy petition.  Such are the circumstances in this case.  Accordingly, the Motion for Contempt filed by Lawrence Cummings, Debtor, is **denied** and the Motion for Relief from Automatic Stay and Motion to Abstain filed by Susan Cummings are **granted,** and Susan Cummings, the Ex–Wife, may continue with proceedings to seek enforcement of the May 23, 1996 Final Judgment of Dissolution of Marriage, and the August 23, 1996 Order of Contempt, against the Debtor.