WARNER, C.J.
The trial court granted final summary judgment against appellants on their claim for abuse of process, false imprisonment, and intentional infliction of émotional distress based upon the enforcement of a civil contempt order which appellants claim violated the stay provisions of the Bankruptcy Code. We affirm the trial court in part, holding both that a stay was not in effect when the judge entered the writ of bodily attachment and also that, in any event, the state court order of civil contempt entered prior to the filing of the bankruptcy petition was not stayed by the bankruptcy proceedings.
Appellee secured a money judgment in favor of his client against appellants. In pursuing collection of the judgment, he moved to compel the production of various financial records, which appellants refused to produce. The trial court found appellants in contempt and gave them 48 hours to produce the documents, but they refused to comply. Instead, they filed a Chapter 7 petition for bankruptcy. Appel-lee filed an objection to discharge of the judgment debt, and the bankruptcy court determined that it was nondischargeable by its judgment of June 8, 1993. On June 10, 1993, appellee filed a motion in the state court seeking to have the writ of bodily attachment issued as to the order of contempt. The next day appellants filed a motion for new trial in the' bankruptcy court, directed at the order determining that the judgment was nondischargeable.
A hearing was held on the state court motion to issue the writ of bodily attachment on July 7, 1993. No order was fen-tered that day. In the meantime, the bankruptcy judge denied the motion for new trial by an order entered July 9, 1993. On July 12, 1993, the state court issued a writ of bodily attachment, under which appellant, Clifford Goldstein, was taken into custody and ultimately produced the documents demanded in the contempt order. That incarceration led to the filing of the instant action against appellee for abuse of process and other counts on which the trial court granted summary judgment, concluding that the bankruptcy proceeding did not stay the enforcement of the civil contempt order.
We agree with the trial court that In re Montana, 185 B.R. 650 (S.D.Fla. 1995), is applicable to this case. That court held that the automatic stay in bankruptcy did not prevent the sentencing of a debtor for civil contempt after the debtor violated an order of contempt entered pri- or to the filing of the bankruptcy petition. See id. at 653. See also In re Cummings, 201 B.R. 586, 589 (S.D.Fla.1996). The court in Montana cited with approval U.S. Sprint Communications Co. v. Buscher, 89 B.R. 154 (D.Kan.1988), which explained the rationale behind the policy of permitting contempt orders to be enforced during bankruptcy proceedings:
this is not just any judicial proceeding. This court has already determined that defendant violated two direct orders of this court. It is within this court’s inherent power to take whatever steps necessary to ensure those, persons within its poyver ■ comply, with its orders. The court cannot conceive that Congress intended to strip the court of this power, and instead permit a party to blatantly violate direct orders of the court and then seek shelter from a bankruptcy judge. If this were so, the court’s orders could be rendered almost meaningless. The court must retain the ability to compel compliance with its orders; a party seeking relief from his creditors is not free to run rampant in flagrant disregard of the powers of the court. A civil contempt judgment is one effective method of coercing compliance and of “upholding the dignity of the court.”
Id. at 156. Similarly, in the instant case, the state court was simply upholding its dignity and enforcing' compliance with its prior rulings regarding a matter that arose from the parties’ conduct during the state court proceedings. We also note that the *1148 contempt order did not require the payment of money but only the production of financial records. Therefore, it did not affect the bankrupt estate. While Montana involved the automatic stay provisions of section 362 of the bankruptcy code (Title 11 of the United States Code), we can discern no reason why this same holding should not apply to the ten day stay under Rule 7062 of the Federal Rules of Bankruptcy Procedure.
In addition, we conclude that appellants are wrong in their assertion that a stay was in effect at the time the trial court issued the writ of bodily attachment on July 12, 1993. Rule 7062 of the Federal Rules of Bankruptcy Procedure applies Rule 62 of the Federal Rules of Civil Procedure to adversary proceedings in Bankruptcy court. Rule 62 provides:
(a) Automatic Stay; Exceptions — Injunctions, Receiverships, and Patent Ac-countings. Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of this rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal.
(b) Stay on Motion for New Trial or for Judgment. In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60, or of a motion for judgment in accordance with a motion for a directed verdict made pursuant to Rule 50, or of a motion for amendment to the findings or for additional findings made pursuant to Rule 52(b).
[[Image here]]
(d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.
Under this rule, appellants had an automatic stay of ten days after the judgment determining nondischargeability was entered in order to determine what course of action they would pursue, such as a motion for new trial or filing an appeal. As one source states:
The automatic stay permits the party against whom judgment has been entered to determine what course of action to follow. If the party desires to attack the judgment in the trial court, by a motion for a new trial or a similar post-trial motion, he can make that motion and apply for a further stay pending disposition of the motion as provided in Rule 62(b). If the party prefers to appeal, he can file a notice of appeal and seek a stay pending appeal as provided in Rule 62(c) and (d) and in Appellate Rule 8(a) and (b).
The automatic stay becomes ineffective after ten days from the entry of judgment. Even though further stays are both available and usual, they only can be had in accordance with the other subdivisions of Rule 62 and are not automatic but must be ordered by the court.
11 Charles A. Wright, et al., Federal Practice & Procedure § 2902 (2d ed.l995)(foot-notes omitted). After the ten day period, *1149 any farther stay is governed by Rule 62(c), which permits the stay of a judgment pending determination of the motion for new trial within the discretion of the court. In the instant case, appellants never sought a further stay under Rule 62(c). Thus, at the time of the hearing and the issuance of the writ, no stay was in effect. Appellants’ contention that a new ten day automatic stay begins upon entry of the order denying the motion for new trial is without merit, and appellants cite no authority for that proposition. On either ground the trial court was correct in entering summary judgment.
We reverse, however, the judgment of attorney’s fees entered pursuant to an offer of settlement. Appellee made an undifferentiated settlement offer of $1,500 to both appellants prior to the summary judgment hearing. Each appellant had a separate claim, the husband having been incarcerated and the wife in hiding while attempting to avoid the writ of attachment. Each would have different damages. Offers which do not comply with the mandate of rule 1.442(c)(3) of the Florida Rules of Civil Procedure, by failing to specify the amounts offered to each party, are invalid. See United Services Auto. Ass’n v. Behar, 752 So.2d 663 (Fla. 2d DCA 2000).
Affirmed in part; reversed in part.
STEVENSON, J., and OFTEDAL, RICHARD L., Associate Judge, concur.